UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DAVID DE ROSIER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER LONGAKER, MARYANNE G. GILLIARD, GRETA FALL, MICHAEL SWEET, ARTHUR G. SCOTLAND, STEVE WHITE, VANCE W. RAYE, and THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SACRAMENTO,<br><br>    Defendants. | No. 2:11-cv-01617-MCE-EFB<br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Before the Court is Defendants' Motion to Dismiss ("MTD") (ECF No. 7). The Motion is fully briefed. For the reasons that follow, the Motion to Dismiss is GRANTED.

///
///
///
///
///

1

# BACKGROUND

Plaintiff, Donald D. deRosier, brings suit against Christopher Longaker, a Commissioner in the Small Claims Division of the Superior Court of California, County of Sacramento, Judges Maryanne G. Gilliard, Greta Fall, and Michael Sweet of the Appellate Division of the Superior Court, and retired Justice Arthur G. Scotland, formerly of the Third District Court of Appeal, in their personal and official capacity for injunctive relief. (Complaint ("Compl."), ECF No. 1 at 1-2.) He adds Presiding Judge Steve White of the Superior Court and Presiding Justice Vance W. Raye of the Third District Court of Appeal in their personal, official and administrative capacities for injunctive relief. (Id.) Finally, he brings suit against the Superior Court for such relief as may be proper. (Id. at 2.) All his claims fall under 42 U.S.C. § 1983 for violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (See, e.g., id. at 1.)

deRosier's claims arise out of his lawsuit against his sister in the Small Claims Division of the Superior Court of Sacramento, in which he received an award that he found unacceptably low. (Id. at 3.)[1] deRosier then had the case set aside and brought a new action with another judge in the same court. (Id. at 3-4.)

///
///

---

[1] Unless otherwise noted, all the Background is taken from the Complaint's factual allegations.

1     In this second action, Defendant Longaker found for
2 deRosier's sister. (Id. at 4-5.) Believing that Longaker had made
3 mistakes of law, deRosier motioned for the judgment to be set
4 aside. (Id. at 5-6.) This motion was summarily denied. (Id. at
5 6.)
6     deRosier then filed a petition for an extraordinary writ
7 with the Appellate Division of the Superior Court, challenging
8 Longaker's decision. (Id. at 7.) The court thereafter summarily
9 denied the petition. (Id.) deRosier filed a similar petition with
10 the Court of Appeal for the Third Appellate District with the
11 same result. (Id. at 7-8.) Finally, deRosier filed a petition for
12 review with the Supreme Court of California, in which he argued
13 that both courts had erred by misinterpreting material from the
14 California Judges Benchbook. (Id. at 8-9.) This petition was also
15 summarily denied. (Id. at 9.)
16     deRosier claims that he then sent a copy of a letter of
17 complaint to Defendant White, who supervised the judges who had
18 been involved in deRosier's earlier litigation. (Id.) deRosier
19 did not receive a response from Judge White. (Id. at 10.)
20     On June 15, 2011, deRosier filed his Complaint in this
21 Court. In essence, deRosier claims that his due process and equal
22 protection rights have been violated because Defendants:
23 (a) failed to adequately consider his case and made mistakes in
24 their consideration of the facts and law; and (b) established by
25 judicial fiat that small claims plaintiffs have no right of
26 review. (Id. at 10-14) (citing McClatchy v. Superior Court,
27 119 Cal. 413, 418 (holding that denying right to present evidence
28 deprived petitioner of right to be heard in his defense).)

Specifically, deRosier contends that his equal protection rights were violated because "similarly situated litigants are not treated similarly." (Compl. at 11) (citing <u>Houghtaling v. Superior Court</u>, 17 Cal. App. 4th 1128 (stating that appellate courts may entertain petitions for extraordinary review if law is to be made settling significant issues of small claims procedure).)

deRosier seeks a new trial, and he also wants safeguards implemented so that the issues he allegedly encountered "are less likely to occur in the future." (Compl. at 12.) He requests attorney fees and costs incurred in pursuing his claims. (<u>Id.</u>) He also seeks an order directing that Defendant Longaker be ordered to set aside his judgment and order a new trial. (<u>Id.</u>)

Alternatively, deRosier requests that either the Appellate Division of the Superior Court or the Court of Appeal, Third Appellate District, be ordered to issue an extraordinary writ setting aside the judgment. (<u>Id.</u> at 13.)

In the event that he does not receive a new trial, he alternatively seeks $7,000 in compensation from the County of Sacramento "for the loss of the small claims suit due to the violations of the U.S. Constitution." (<u>Id.</u>)

Additionally, deRosier requests that presiding judges of the Superior Court and Third Appellate District be ordered in their administrative capacities to issue new instructions on the use of the Benchbook. (<u>Id.</u>) He also seeks an instruction that recording devices shall be provided and used in small claims cases. (<u>Id.</u>) Finally, he seeks assurances that judges will be properly trained in the future. (<u>Id.</u> at 13-14.)

Defendants move to dismiss, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and (6) on the grounds that this Court lacks subject matter jurisdiction, and that deRosier's claims are barred by the Eleventh Amendment and the judicial immunity doctrine. (MTD, ECF No. 7, at 2.) Additionally, Defendants argue that Judge White and Justice Raye cannot be held liable as supervisors. (Id. at 10.)

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations and quotations omitted). A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level.

1  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and
2  Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must
3  contain something more...than...a statement of facts that merely
4  creates a suspicion [of] a legally cognizable right of action")).
5     Moreover, "Rule 8(a)(2)...requires a 'showing,' rather than
6  a blanket assertion of entitlement to relief.  Without some
7  factual allegation in the complaint, it is hard to see how a
8  claimant could satisfy the requirements of providing not only
9  'fair notice' of the nature of the claim, but also 'grounds' on
10 which the claim rests." Twombly, at 1965, n.3 (internal citations
11 omitted). A pleading must contain "only enough facts to state a
12 claim to relief that is plausible on its face." Id. at 1960; see
13 also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). If the
14 "plaintiffs...have not nudged their claims across the line from
15 conceivable to plausible, their complaint must be dismissed."
16 Id.
17     A court granting a motion to dismiss a complaint must then
18 decide whether to grant leave to amend. Rule 15(a) empowers the
19 court to freely grant leave to amend when there is no "undue
20 delay, bad faith[,] dilatory motive on the part of the
21 movant,...undue prejudice to the opposing party by virtue
22 of...the amendment, [or] futility of the amendment...." Foman v.
23 Davis, 371 U.S. 178, 182 (1962). Leave to amend is generally
24 denied when it is clear the deficiencies of the complaint cannot
25 be cured by amendment.
26 ///
27 ///
28 ///

DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")(internal citations omitted).

## ANALYSIS

Defendants contend that the case should be dismissed on the grounds that this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, and that the Eleventh Amendment and the judicial immunity doctrine shield them from liability. (MTD at 2.) The Court finds that Plaintiff lacks jurisdiction under the Rooker-Feldman doctrine, and alternatively that Defendants are shielded by the Eleventh Amendment. Therefore, Defendants' Motion to Dismiss will be granted.

**A.   This Court Lacks Jurisdiction Under the Rooker-Feldman Doctrine.**

**1.   Parties' Contentions**

Defendants contend that this action should be dismissed on the grounds that federal district courts lack jurisdiction to review state court judgments or orders, including judgments on constitutional issues, unless Congress has specifically authorized such relief.
///

7

(MTD, ECF No. 7, at 5-7) (citing, inter alia, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)). deRosier counters that Rooker-Feldman only applies when the constitutional questions actually "arose in the cause." (Opposition ("Opp."), ECF No. 8, at 6) (citing Rooker, 263 U.S. at 415). Here, he states that the substance of his claim is the allegedly constitutionally flawed procedures of the state court, which he contends is separate from the substance of the underlying action. (Id. at 9.) He argues that his case differs from both Rooker and Feldman because he was denied a "full hearing" and judical investigation of his claims in the lower courts. (Id.)

In essence, deRosier contends that Rooker-Feldman does not apply where the procedures of a trial are challenged, but only applies to the substantive issues raised at trial. (Id. at 6-8.) In addition, he contends that Rooker-Feldman does not apply to claims that are independent of those presented in state court, or to situations where the state court declined to consider those claims. (Id. at 7-8.)

### 2. Analysis

Lower federal courts may not sit in direct review of state court decisions. Rooker, 263 U.S. at 416; see also Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) ("Federal district courts do not have jurisdiction to hear de facto appeals from state court judgments.").

///

A judicial determination by a state's highest court is only appealable to the U.S. Supreme Court unless otherwise explicitly authorized by Congress (see, e.g., 28 U.S.C. § 2254 (habeas relief)). See 28 U.S.C. § 1257; Feldman, 460 U.S. at 486; see also Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decision."). The Rooker-Feldman doctrine recognizes that parties may appeal state court decisions to the state's highest court and then to the U.S. Supreme Court if a federal constitutional issue is presented. However, district courts "may not serve as appellate tribunals to review errors allegedly committed by state courts." Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987). The doctrine "applies even when the challenge to the state court decision involves constitutional issues." Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986). Furthermore, the Rooker-Feldman doctrine "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted).

The Rooker-Feldman doctrine bars not only de facto appeals, but also appeals in which the Constitutional issues in question are "inextricably intertwined" with those prior state court decisions.

///

1  See, e.g., Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir.
2  2003) (explaining that "a constitutional challenge is
3  'inextricably intertwined' with a request to set aside a state
4  court judgment if the plaintiff would lack standing to bring the
5  constitutional challenge on its own"); see also Noel v. Hall,
6  341 F.3d 1148, 1157-58 (9th Cir. 2003) (discussing "inextricably
7  intertwined").

8       The Rooker-Feldman doctrine bars district court review of
9  the state court decisions in this case. deRosier's § 1983 claim
10 is "nothing more than an impermissible collateral attack on prior
11 state court decisions." Branson v. Nott, 62 F.3d 287, 291
12 (9th Cir. 1995) (citing Mackay, 827 F.2d at 543). In Branson, the
13 plaintiff sought injunctive relief against various state court
14 officers who he claimed denied him due process as a plaintiff in
15 the state court by impeding "his access to certain perceived
16 statutory rights." Id. at 289. After the California state courts
17 denied him the default judgment, and after the U.S. Supreme Court
18 denied certiorari, Branson filed suit in federal court. Id. at
19 290. The district court denied on statute of limitations grounds,
20 and Branson then appealed. Id. at 290-91. The Ninth Circuit
21 dismissed the plaintiff's claim, on the basis of the Rooker-
22 Feldman doctrine because it "explicitly sought reversal of the
23 appellate court's decision." Id. at 292.

24      deRosier similarly requests that the small claims court
25 ruling be overturned and a new trial ordered, or alternately,
26 that one of the appellate courts be ordered to issue an
27 extraordinary writ setting aside the judgment.
28 ///

(Compl. at 12-13.) However, the only way for the Court to evaluate this request would be to examine all the evidence presented to the state courts and determine that the judgments were wrong as a matter of law. This is exactly the type of appellate review of a state court decision that the Rooker-Feldman doctrine seeks to prevent a district court from undertaking. See, e.g., Feldman, 460 U.S. at 482; McNair, 805 F.2d at 890.

deRosier's factual allegations make clear that his primary complaint is that he disagrees with the outcome of his state court proceedings. There is no indication that the trial judge failed to carry out a full judicial inquiry or take all evidence into account. deRosier essentially claims that he was denied due process because he could not possibly have lost. This is fundamentally an appeal based on a conflicting interpretation of the law.

Similarly, there is no indication that the appellate courts did not fully consider his case. deRosier does not offer evidence that either court denied him due process in denying his petitions.[2] Once again, this is fundamentally about a conflicting interpretation of law, which is not a basis to bring suit in this Court. deRosier may not ask the district court to overrule the state courts in order to adopt his interpretation of the law.

---

[2] A summary denial does not mean the state court has not adequately considered the issues. See, e.g., Harrington v. Richter, 131 S. Ct. 770, 784 (2011) ("as every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning") (citations omitted).

11

Furthermore, deRosier's constitutional claims are "inextricably intertwined" with his de facto appeal of the state court judgments. See Bianchi, 334 F.3d at 900 n.3; Noel, 341 F.3d at 1157-58. Absent his claims related to the merits of the state court decisions, there does not appear to be a constitutional basis for his claims for injunctive relief or damages.

For these reasons, the Court lacks jurisdiction under the Rooker-Feldman doctrine to hear this case. The Motion to Dismiss is granted with prejudice as any amendment would be futile. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, even were it to reach the merits of deRosier's other claims, the Court would still dismiss them for the following reasons.

**B. The Claims against The Superior Court and Its Officers Are Barred by the Eleventh Amendment.**

The Defendants argue that the Eleventh Amendment bars deRosier's claim against the Superior Court because the Superior Court is a branch of the State of California, and therefore entitled to sovereign immunity protection. (MTD, ECF No. 7, at 7.) deRosier asserts that the Eleventh Amendment is not applicable to suits against counties, and that it is unclear whether the Superior Court is an agency of the State or of the County. (Opp., ECF No. 8, at 12.) Further, he asserts that since he is only seeking injunctive relief against the individual judges, those claims are not barred by the Eleventh Amendment.
///
///

12

(Id. at 12) (citing Quern v. Jordan, 440 U.S. 332, 338 (1979) (noting that in a § 1983 action, federal court's remedial power is limited to prospective injunctive relief)).

The Eleventh Amendment has been interpreted to provide the states with immunity from suits in federal courts. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). The Ninth Circuit has said that "state case law and constitutional provisions make clear that the [Superior] Court is a State agency," and a suit against the court is barred by the Eleventh Amendment. Greater Los Angeles Counsel of Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1995). Therefore, deRosier's claim for damages against the Superior Court would be barred.

While deRosier argues that he should be entitled to request injunctive relief against the individual judges, Quern makes clear that only "prospective" injunctive relief is permissible under the Eleventh Amendment. Quern, 440 U.S. at 338. Here, deRosier is actually seeking retroactive relief because he wishes the injunctions to force court officials to overturn or set aside previous state court decisions. Such retroactive relief is not available. See Id.

Finally, deRosier has not alleged sufficient facts to support a claim for supervisory liability against either Judge White or Justice Raye. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (noting that in order to state a claim against a supervisor, a plaintiff must allege facts showing that the particular defendants personally participated in the alleged deprivation or implemented a policy so deficient that it is a repudiation of constitutional rights in and of itself).

13

1  Here, deRosier only alleges that he wrote a letter to Judge
2  White, which apparently went unanswered (Compl. at 9-10), and he
3  alleges no facts regarding Justice Raye. deRosier has therefore
4  failed to allege facts supporting his supervisory liability
5  claim. Id.  Therefore, were the Court to reach each of these
6  issues, Plaintiff's requests both for injunctive relief against
7  state court officials and money damages against the Superior
8  Court would all be barred by the Eleventh Amendment.

## CONCLUSION

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED without leave to amend. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE