1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11  DONALD DAVID DE ROSIER,              No. 2:11-cv-01617-MCE-EFB

12          Plaintiff,

13      v.                               MEMORANDUM AND ORDER

14  CHRISTOPHER LONGAKER, MARYANNE
    G. GILLIARD, GRETA FALL,
15  MICHAEL SWEET, ARTHUR G.
    SCOTLAND, STEVE WHITE, VANCE
16  W. RAYE, and THE SUPERIOR
    COURT OF CALIFORNIA FOR THE
17  COUNTY OF SACRAMENTO,

18          Defendants.

19                              ----oo0oo----

20

21      Before the Court is Defendants' Motion to Dismiss ("MTD")

22  (ECF No. 7).  The Motion is fully briefed. For the reasons that

23  follow, the Motion to Dismiss is GRANTED.

24  ///

25  ///

26  ///

27  ///

28  ///

                                    1

**BACKGROUND**

    Plaintiff, Donald D. deRosier, brings suit against Christopher Longaker, a Commissioner in the Small Claims Division of the Superior Court of California, County of Sacramento, Judges Maryanne G. Gilliard, Greta Fall, and Michael Sweet of the Appellate Division of the Superior Court, and retired Justice Arthur G. Scotland, formerly of the Third District Court of Appeal, in their personal and official capacity for injunctive relief. (Complaint ("Compl."), ECF No. 1 at 1-2.) He adds Presiding Judge Steve White of the Superior Court and Presiding Justice Vance W. Raye of the Third District Court of Appeal in their personal, official and administrative capacities for injunctive relief. (Id.) Finally, he brings suit against the Superior Court for such relief as may be proper. (Id. at 2.) All his claims fall under 42 U.S.C. § 1983 for violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (See, e.g., id. at 1.)

    deRosier's claims arise out of his lawsuit against his sister in the Small Claims Division of the Superior Court of Sacramento, in which he received an award that he found unacceptably low. (Id. at 3.)[1] deRosier then had the case set aside and brought a new action with another judge in the same court. (Id. at 3-4.)

///

///

_____

    [1] Unless otherwise noted, all the Background is taken from the Complaint's factual allegations.

2

1       In this second action, Defendant Longaker found for

2 deRosier's sister. (Id. at 4-5.) Believing that Longaker had made

3 mistakes of law, deRosier motioned for the judgment to be set

4 aside. (Id. at 5-6.) This motion was summarily denied. (Id. at

5 6.)

6       deRosier then filed a petition for an extraordinary writ

7 with the Appellate Division of the Superior Court, challenging

8 Longaker's decision. (Id. at 7.) The court thereafter summarily

9 denied the petition. (Id.) deRosier filed a similar petition with

10 the Court of Appeal for the Third Appellate District with the

11 same result. (Id. at 7-8.) Finally, deRosier filed a petition for

12 review with the Supreme Court of California, in which he argued

13 that both courts had erred by misinterpreting material from the

14 California Judges Benchbook. (Id. at 8-9.) This petition was also

15 summarily denied. (Id. at 9.)

16       deRosier claims that he then sent a copy of a letter of

17 complaint to Defendant White, who supervised the judges who had

18 been involved in deRosier's earlier litigation. (Id.) deRosier

19 did not receive a response from Judge White. (Id. at 10.)

20       On June 15, 2011, deRosier filed his Complaint in this

21 Court. In essence, deRosier claims that his due process and equal

22 protection rights have been violated because Defendants:

23 (a) failed to adequately consider his case and made mistakes in

24 their consideration of the facts and law; and (b) established by

25 judicial fiat that small claims plaintiffs have no right of

26 review. (Id. at 10-14) (citing McClatchy v. Superior Court,

27 119 Cal. 413, 418 (holding that denying right to present evidence

28 deprived petitioner of right to be heard in his defense).)

1   Specifically, deRosier contends that his equal protection rights
2   were violated because "similarly situated litigants are not
3   treated similarly." (Compl. at 11) (citing <u>Houghtaling v.</u>
4   <u>Superior Court</u>, 17 Cal. App. 4th 1128 (stating that appellate
5   courts may entertain petitions for extraordinary review if law is
6   to be made settling significant issues of small claims
7   procedure).)

8       deRosier seeks a new trial, and he also wants safeguards
9   implemented so that the issues he allegedly encountered "are less
10  likely to occur in the future." (Compl. at 12.) He requests
11  attorney fees and costs incurred in pursuing his claims. (<u>Id.</u>) He
12  also seeks an order directing that Defendant Longaker be ordered
13  to set aside his judgment and order a new trial. (<u>Id.</u>)

14      Alternatively, deRosier requests that either the Appellate
15  Division of the Superior Court or the Court of Appeal, Third
16  Appellate District, be ordered to issue an extraordinary writ
17  setting aside the judgment. (<u>Id.</u> at 13.)

18      In the event that he does not receive a new trial, he
19  alternatively seeks $7,000 in compensation from the County of
20  Sacramento "for the loss of the small claims suit due to the
21  violations of the U.S. Constitution." (<u>Id.</u>)

22      Additionally, deRosier requests that presiding judges of the
23  Superior Court and Third Appellate District be ordered in their
24  administrative capacities to issue new instructions on the use of
25  the Benchbook. (<u>Id.</u>) He also seeks an instruction that recording
26  devices shall be provided and used in small claims cases. (<u>Id.</u>)
27  Finally, he seeks assurances that judges will be properly trained
28  in the future. (<u>Id.</u> at 13-14.)

4

1   Defendants move to dismiss, pursuant to Federal Rules of

2   Civil Procedure Rule 12(b)(1) and (6) on the grounds that this

3   Court lacks subject matter jurisdiction, and that deRosier's

4   claims are barred by the Eleventh Amendment and the judicial

5   immunity doctrine. (MTD, ECF No. 7, at 2.) Additionally,

6   Defendants argue that Judge White and Justice Raye cannot be held

7   liable as supervisors. (Id. at 10.)

8

9                              **STANDARD**

10

11   On a motion to dismiss for failure to state a claim under

12   Rule 12(b)(6), all allegations of material fact must be accepted

13   as true and construed in the light most favorable to the

14   nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

15   337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and

16   plain statement of the claim showing that the pleader is entitled

17   to relief" in order to "give the defendant fair notice of what

18   the...claim is and the grounds upon which it rests." Bell Atl.

19   Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal

20   citations and quotations omitted). Though "a complaint attacked

21   by a Rule 12(b)(6) motion to dismiss does not need detailed

22   factual allegations, a plaintiff's obligation to provide the

23   'grounds' of his 'entitlement to relief' requires more than

24   labels and conclusions, and a formulaic recitation of the

25   elements of a cause of action will not do." Id. at 1964-65

26   (internal citations and quotations omitted). A plaintiff's

27   factual allegations must be enough to raise a right to relief

28   above the speculative level.

1   Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and

2   Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must

3   contain something more...than...a statement of facts that merely

4   creates a suspicion [of] a legally cognizable right of action")).

5        Moreover, "Rule 8(a)(2)...requires a 'showing,' rather than

6   a blanket assertion of entitlement to relief.  Without some

7   factual allegation in the complaint, it is hard to see how a

8   claimant could satisfy the requirements of providing not only

9   'fair notice' of the nature of the claim, but also 'grounds' on

10  which the claim rests." Twombly, at 1965, n.3 (internal citations

11  omitted). A pleading must contain "only enough facts to state a

12  claim to relief that is plausible on its face." Id. at 1960; see

13  also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). If the

14  "plaintiffs...have not nudged their claims across the line from

15  conceivable to plausible, their complaint must be dismissed."

16  Id.

17       A court granting a motion to dismiss a complaint must then

18  decide whether to grant leave to amend. Rule 15(a) empowers the

19  court to freely grant leave to amend when there is no "undue

20  delay, bad faith[,] dilatory motive on the part of the

21  movant,...undue prejudice to the opposing party by virtue

22  of...the amendment, [or] futility of the amendment...." Foman v.

23  Davis, 371 U.S. 178, 182 (1962). Leave to amend is generally

24  denied when it is clear the deficiencies of the complaint cannot

25  be cured by amendment.

26  ///

27  ///

28  ///

1  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.

2  1992); Balistieri v. Pacifica Police Dept., 901 F.2d 696, 699

3  (9th Cir. 1990) ("A complaint should not be dismissed under Rule

4  12(b)(6) unless it appears beyond doubt that the plaintiff can

5  prove no set of facts in support of his claim which would entitle

6  him to relief.")(internal citations omitted).

7

8                              **ANALYSIS**

9

10      Defendants contend that the case should be dismissed on the

11  grounds that this Court lacks subject matter jurisdiction under

12  the Rooker-Feldman doctrine, and that the Eleventh Amendment and

13  the judicial immunity doctrine shield them from liability. (MTD

14  at 2.) The Court finds that Plaintiff lacks jurisdiction under

15  the Rooker-Feldman doctrine, and alternatively that Defendants

16  are shielded by the Eleventh Amendment. Therefore, Defendants'

17  Motion to Dismiss will be granted.

18

19      **A.    This Court Lacks Jurisdiction Under the Rooker-Feldman**
        **Doctrine.**

20

21          **1.    Parties' Contentions**

22

23      Defendants contend that this action should be dismissed on

24  the grounds that federal district courts lack jurisdiction to

25  review state court judgments or orders, including judgments on

26  constitutional issues, unless Congress has specifically

27  authorized such relief.

28  ///

1  (MTD, ECF No. 7, at 5-7) (citing, inter alia, <u>Rooker v. Fidelity</u>

2  <u>Trust Co.</u>, 263 U.S. 413 (1923), and <u>D.C. Court of Appeals v.</u>

3  <u>Feldman</u>, 460 U.S. 462 (1983)). deRosier counters that <u>Rooker-</u>

4  <u>Feldman</u> only applies when the constitutional questions actually

5  "arose in the cause." (Opposition ("Opp."), ECF No. 8, at 6)

6  (citing <u>Rooker</u>, 263 U.S. at 415). Here, he states that the

7  substance of his claim is the allegedly constitutionally flawed

8  procedures of the state court, which he contends is separate from

9  the substance of the underlying action. (<u>Id.</u> at 9.) He argues

10 that his case differs from both <u>Rooker</u> and <u>Feldman</u> because he was

11 denied a "full hearing" and judical investigation of his claims

12 in the lower courts. (<u>Id.</u>)

13     In essence, deRosier contends that <u>Rooker-Feldman</u> does not

14 apply where the procedures of a trial are challenged, but only

15 applies to the substantive issues raised at trial. (<u>Id.</u> at 6-8.)

16 In addition, he contends that <u>Rooker-Feldman</u> does not apply to

17 claims that are independent of those presented in state court, or

18 to situations where the state court declined to consider those

19 claims. (<u>Id.</u> at 7-8.)

20

21          **2.   Analysis**

22

23     Lower federal courts may not sit in direct review of state

24 court decisions. <u>Rooker</u>, 263 U.S. at 416; <u>see also</u> <u>Carmona v.</u>

25 <u>Carmona</u>, 603 F.3d 1041, 1050 (9th Cir. 2010) ("Federal district

26 courts do not have jurisdiction to hear de facto appeals from

27 state court judgments.").

28 ///

1   A judicial determination by a state's highest court is only
2   appealable to the U.S. Supreme Court unless otherwise explicitly
3   authorized by Congress (see, e.g., 28 U.S.C. § 2254 (habeas
4   relief)). See 28 U.S.C. § 1257; Feldman, 460 U.S. at 486; see
5   also Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir.
6   1994) ("Federal district courts may exercise only original
7   jurisdiction; they may not exercise appellate jurisdiction over
8   state court decision."). The Rooker-Feldman doctrine recognizes
9   that parties may appeal state court decisions to the state's
10  highest court and then to the U.S. Supreme Court if a federal
11  constitutional issue is presented. However, district courts "may
12  not serve as appellate tribunals to review errors allegedly
13  committed by state courts." Mackay v. Pfeil, 827 F.2d 540, 543
14  (9th Cir. 1987). The doctrine "applies even when the challenge to
15  the state court decision involves constitutional issues."
16  Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir.
17  1986). Furthermore, the Rooker-Feldman doctrine "may also apply
18  where the parties do not directly contest the merits of a state
19  court decision, as the doctrine prohibits a federal district
20  court from exercising subject matter jurisdiction over a suit
21  that is a de facto appeal from a state court judgment."
22  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)
23  (internal quotation marks omitted).

24      The Rooker-Feldman doctrine bars not only de facto appeals,
25  but also appeals in which the Constitutional issues in question
26  are "inextricably intertwined" with those prior state court
27  decisions.
28  ///

1  See, e.g., Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir.

2  2003) (explaining that "a constitutional challenge is

3  'inextricably intertwined' with a request to set aside a state

4  court judgment if the plaintiff would lack standing to bring the

5  constitutional challenge on its own"); see also Noel v. Hall,

6  341 F.3d 1148, 1157-58 (9th Cir. 2003) (discussing "inextricably

7  intertwined").

8      The Rooker-Feldman doctrine bars district court review of

9  the state court decisions in this case. deRosier's § 1983 claim

10  is "nothing more than an impermissible collateral attack on prior

11  state court decisions." Branson v. Nott, 62 F.3d 287, 291

12  (9th Cir. 1995) (citing Mackay, 827 F.2d at 543). In Branson, the

13  plaintiff sought injunctive relief against various state court

14  officers who he claimed denied him due process as a plaintiff in

15  the state court by impeding "his access to certain perceived

16  statutory rights." Id. at 289. After the California state courts

17  denied him the default judgment, and after the U.S. Supreme Court

18  denied certiorari, Branson filed suit in federal court. Id. at

19  290. The district court denied on statute of limitations grounds,

20  and Branson then appealed. Id. at 290-91. The Ninth Circuit

21  dismissed the plaintiff's claim, on the basis of the Rooker-

22  Feldman doctrine because it "explicitly sought reversal of the

23  appellate court's decision." Id. at 292.

24      deRosier similarly requests that the small claims court

25  ruling be overturned and a new trial ordered, or alternately,

26  that one of the appellate courts be ordered to issue an

27  extraordinary writ setting aside the judgment.

28  ///

10

1  (Compl. at 12-13.) However, the only way for the Court to
2  evaluate this request would be to examine all the evidence
3  presented to the state courts and determine that the judgments
4  were wrong as a matter of law. This is exactly the type of
5  appellate review of a state court decision that the Rooker-
6  Feldman doctrine seeks to prevent a district court from
7  undertaking. See, e.g., Feldman, 460 U.S. at 482; McNair,
8  805 F.2d at 890.

9     deRosier's factual allegations make clear that his primary
10 complaint is that he disagrees with the outcome of his state
11 court proceedings. There is no indication that the trial judge
12 failed to carry out a full judicial inquiry or take all evidence
13 into account. deRosier essentially claims that he was denied due
14 process because he could not possibly have lost. This is
15 fundamentally an appeal based on a conflicting interpretation of
16 the law.

17    Similarly, there is no indication that the appellate courts
18 did not fully consider his case. deRosier does not offer evidence
19 that either court denied him due process in denying his
20 petitions.[2] Once again, this is fundamentally about a conflicting
21 interpretation of law, which is not a basis to bring suit in this
22 Court. deRosier may not ask the district court to overrule the
23 state courts in order to adopt his interpretation of the law.

24 _____

25    [2] A summary denial does not mean the state court has not
   adequately considered the issues. See, e.g., Harrington v.
26 Richter, 131 S. Ct. 770, 784 (2011) ("as every Court of Appeals
   to consider the issue has recognized, determining whether a state
27 court's decision resulted from an unreasonable legal or factual
   conclusion does not require that there be an opinion from the
28 state court explaining the state court's reasoning") (citations
   omitted).

1  Furthermore, deRosier's constitutional claims are "inextricably

2  intertwined" with his de facto appeal of the state court

3  judgments. See Bianchi, 334 F.3d at 900 n.3; Noel, 341 F.3d at

4  1157-58. Absent his claims related to the merits of the state

5  court decisions, there does not appear to be a constitutional

6  basis for his claims for injunctive relief or damages.

7       For these reasons, the Court lacks jurisdiction under the

8  Rooker-Feldman doctrine to hear this case. The Motion to Dismiss

9  is granted with prejudice as any amendment would be futile. See

10  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir.

11  1992). However, even were it to reach the merits of deRosier's

12  other claims, the Court would still dismiss them for the

13  following reasons.

14

15       **B.   The Claims against The Superior Court and Its Officers**

16       **Are Barred by the Eleventh Amendment.**

17       The Defendants argue that the Eleventh Amendment bars

18  deRosier's claim against the Superior Court because the Superior

19  Court is a branch of the State of California, and therefore

20  entitled to sovereign immunity protection. (MTD, ECF No. 7, at

21  7.) deRosier asserts that the Eleventh Amendment is not

22  applicable to suits against counties, and that it is unclear

23  whether the Superior Court is an agency of the State or of the

24  County. (Opp., ECF No. 8, at 12.) Further, he asserts that since

25  he is only seeking injunctive relief against the individual

26  judges, those claims are not barred by the Eleventh Amendment.

27  ///

28  ///

1  (Id. at 12) (citing Quern v. Jordan, 440 U.S. 332, 338 (1979)

2  (noting that in a § 1983 action, federal court's remedial power

3  is limited to prospective injunctive relief)).

4      The Eleventh Amendment has been interpreted to provide the

5  states with immunity from suits in federal courts. Seminole Tribe

6  of Florida v. Florida, 517 U.S. 44, 54 (1996). The Ninth Circuit

7  has said that "state case law and constitutional provisions make

8  clear that the [Superior] Court is a State agency," and a suit

9  against the court is barred by the Eleventh Amendment. Greater

10  Los Angeles Counsel of Deafness, Inc. v. Zolin, 812 F.2d 1103,

11  1110 (9th Cir. 1995). Therefore, deRosier's claim for damages

12  against the Superior Court would be barred.

13      While deRosier argues that he should be entitled to request

14  injunctive relief against the individual judges, Quern makes

15  clear that only "prospective" injunctive relief is permissible

16  under the Eleventh Amendment. Quern, 440 U.S. at 338. Here,

17  deRosier is actually seeking retroactive relief because he wishes

18  the injunctions to force court officials to overturn or set aside

19  previous state court decisions. Such retroactive relief is not

20  available. See Id.

21      Finally, deRosier has not alleged sufficient facts to

22  support a claim for supervisory liability against either

23  Judge White or Justice Raye. See Hansen v. Black, 885 F.2d 642,

24  646 (9th Cir. 1989) (noting that in order to state a claim

25  against a supervisor, a plaintiff must allege facts showing that

26  the particular defendants personally participated in the alleged

27  deprivation or implemented a policy so deficient that it is a

28  repudiation of constitutional rights in and of itself).

13

1  Here, deRosier only alleges that he wrote a letter to Judge
2  White, which apparently went unanswered (Compl. at 9-10), and he
3  alleges no facts regarding Justice Raye. deRosier has therefore
4  failed to allege facts supporting his supervisory liability
5  claim. Id.  Therefore, were the Court to reach each of these
6  issues, Plaintiff's requests both for injunctive relief against
7  state court officials and money damages against the Superior
8  Court would all be barred by the Eleventh Amendment.

**CONCLUSION**

As a matter of law, and for the reasons set forth above,
Defendants' Motion to Dismiss (ECF No. 7) is GRANTED without
leave to amend.  The Clerk of the Court is directed to close this
case.

IT IS SO ORDERED.

Dated: June 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

14